UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matthew Christopher Riley,

      Movant,

v.

United States of America,

      Respondent.

Civ. No. 05-1111 (JNE)
Crim. No. 03-188(1) (JNE/JGL)
ORDER

On September 3, 2003, Matthew Riley pleaded guilty to conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The Court sentenced him in June 2004. Riley did not appeal. He now moves to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (2000). For the reasons set forth below, the Court denies the motion.

Section 2255 provides that a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal laws. "A prisoner is entitled to an evidentiary hearing under section 2255 unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). To obtain a hearing, the movant must offer "some credible, non-conclusory evidence." *Id*. In this case, Riley did not offer any evidence. He did not submit an affidavit to support the motion. He did not sign the motion. Instead, Riley's post-conviction counsel signed the motion and expressly disclaimed personal knowledge of the factual assertions in it. Under these circumstances, the Court concludes that an evidentiary hearing is not warranted. The Court turns to Riley's claims.

Riley asserts that his guilty plea was neither knowing nor voluntary because he received ineffective assistance of counsel. According to Riley, he received ineffective assistance of

1

counsel because: (1) his former attorney failed to adequately investigate his case; and (2) his former attorney failed to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

The government first argues that Riley procedurally defaulted his claims. A defendant who procedurally defaulted a claim by failing to raise it on direct appeal may raise that claim under section 2255 only by demonstrating cause for the default and prejudice or actual innocence. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Although a claim of ineffective assistance of counsel is typically best raised under section 2255, the claim may be considered on direct appeal where it does not turn on information outside of the district court record. *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). Nevertheless, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Under *Massaro*, Riley is entitled to assert his claims of ineffective assistance of counsel under section 2255 without regard to whether he could have raised them on direct appeal. The Court therefore rejects the government's argument that Riley procedurally defaulted his claims.

The government next argues that Riley waived his right to assert a collateral attack in his plea agreement. "A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *see Chesney v. United States*, 367 F.3d 1055, 1058-59 (8th Cir. 2004). In the plea agreement, Riley waived his right to collaterally attack the sentence "on any ground," unless the sentence

departed upward from the guideline range.[1] Riley's waiver does not specifically mention the Sixth Amendment or the right to effective assistance of counsel. Under these circumstances, the Court concludes that Riley did not waive the right to argue that he entered into the plea agreement because of ineffective assistance of counsel. *See Chesney*, 367 F.3d at 1059; *DeRoo*, 223 F.3d at 924.

Finally, the government argues Riley's claims of ineffective assistance of counsel have no merit. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill*, 474 U.S. at 58. Riley must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 57-59.

The Court first considers Riley's claim that his former attorney failed to adequately investigate his case. Riley has not offered any evidence to support his assertion. In the absence of any evidence that his former attorney's representation fell below an objective standard of reasonableness, the Court rejects Riley's claim that his attorney was ineffective. *See United States v. Peeler*, 738 F.2d 246, 250 (8th Cir. 1984). Were the Court to consider the unsupported factual assertions in Riley's motion, the Court would reach the same conclusion. The motion does not offer any specifics as to what his former attorney allegedly failed to do. Under these

---

[1] The Court did not impose an upward departure.

circumstances, the Court concludes that Riley has not demonstrated that his former attorney's representation fell below an objective standard of reasonableness. *See Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir. 1978).

Even if his former attorney's representation was deficient, Riley still must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. There is no such evidence in the record. The unsupported factual assertions in the motion do not indicate that, but for the alleged errors of Riley's former attorney, Riley would not have pleaded guilty and would have insisted on going to trial. Accordingly, the Court rejects Riley's claim of ineffective assistance of counsel based on his former attorney's alleged failure to investigate the case.

The Court next considers Riley's claim of ineffective assistance of counsel based on his former attorney's failure to request a *Franks* hearing. In *Franks*, the Supreme Court held that a defendant is entitled to a hearing if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." 438 U.S. at 155-56. In his motion, Riley asserts: (1) he informed his former attorney that individuals he believed to be confidential informants routinely ingested substantial quantities of illegal drugs; (2) as a result, the confidential informants had impaired mental capacity; (3) law enforcement officers did not include the impaired mental capacity of the confidential informants in affidavits submitted in support of applications for search warrants; (4) the omitted information was material to judicial assessments of probable cause; and (5) evidence important to the prosecution would have been excluded had a *Franks* hearing taken place.

Again, Riley fails to support this claim with any evidence. Putting aside the evidentiary deficiencies of this claim, the Court notes that the Eighth Circuit has rejected the premise of Riley's claim. *See United States v. Martin*, 866 F.2d 972, 979 (8th Cir. 1989). In *Martin*, the Eighth Circuit stated:

> Although Emerson correctly notes that King's history as an addict was omitted from the affidavit, we have previously recognized that "omissions of facts are not misrepresentations unless they cast doubt upon the existence of probable cause." In light of the extensive information set forth in the affidavit, we believe it beyond peradventure that the omission of facts concerning King's drug addiction was of no consequence to the determination of probable cause.

*Id*. (citation omitted). In this case, Riley does not identify which warrant was allegedly defective under *Franks*. The Court has nevertheless reviewed the record and concludes that the affidavits submitted in support of applications for search warrants contain extensive information to support a finding of probable cause. In light of *Martin* and the information in the affidavits, the alleged failure of Riley's former attorney to request a *Franks* hearing based on Riley's bare assertion that law enforcement officers omitted from affidavits drug use by confidential informants does not constitute deficient representation. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding claim of ineffective assistance of counsel fails when premised on counsel's alleged failure to pursue meritless claim).

Even if Riley had established his former attorney's deficient representation, relief under section 2255 is not available unless he demonstrates a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. In light of *Martin*, Riley has not demonstrated a reasonable probability that he would have obtained a *Franks* hearing, that evidence would have been suppressed, that he would not have pleaded guilty, and that would have insisted on going to trial. Because Riley cannot demonstrate prejudice from his former attorney's alleged failure to request a *Franks* hearing, the Court rejects

5

his claim of ineffective assistance of counsel. *Cf. DeRoo*, 223 F.3d at 925 ("[I]f there is no reasonable probability that the motion [to dismiss the indictment] would have been successful, DeRoo cannot prove prejudice.").

Because Riley's claims of ineffective assistance of counsel fail, Riley has not established that his waiver of his right to collaterally attack the sentence "on any ground" was the product of ineffective assistance of counsel. Accordingly, the Court concludes that Riley knowingly and voluntarily waived his right to collaterally attack his sentence and that he is not entitled to relief under section 2255. *See Chesney*, 367 F.3d at 1060-61; *DeRoo*, 223 F.3d at 926.

Finally, an appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2000). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Riley has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong, the Court declines to grant him a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Riley's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Docket No. 1 in Civ. No. 05-1111; Docket No. 80 in Crim. No. 03-188(1)] is DENIED.

2. Riley is not entitled to a certificate of appealability.

Dated: July 28, 2005

                                                s/ Joan N. Ericksen_____
                                                JOAN N. ERICKSEN
                                                United States District Judge